WILCOX LUMBER COMPANY v. WILLIAM RITTEMAN.[1]

December 5, 1902.

Nos. 13,253—(151).

**Variance.**

*Held,* upon an examination of the pleadings in this case and the proofs at the trial, that there was no material or prejudicial variance between the allegations in the complaint and the proofs.

Appeal by plaintiff from an order of the district court for Becker county, Baxter, J., vacating the findings in favor of plaintiff theretofore made, and granting a new trial. Reversed, and judgment ordered for plaintiff.

*F. H. Peterson,* for appellant.

*C. A. Nye,* for respondent.

COLLINS, J.

In an action brought to enforce a materialman's lien upon real property, the court below, trying the case without a jury, made findings of fact and ordered judgment in favor of the plaintiff. Subsequently, upon defendant's motion for a new trial, the court granted the same, whereupon plaintiff appealed.

[1] Reported in 92 N. W. 472.

It was averred in the complaint that the materials were furnished under and by virtue of an oral agreement between plaintiff and defendant, and the court found as a fact that they were furnished by plaintiff for defendant at the latter's special instance and request, and as alleged in the complaint. The order for a new trial was in express terms based upon what the court below conceived to be error

"In allowing evidence to be introduced to prove an implied agreement, or any other than an express agreement as alleged in the complaint."

Or, to phrase it differently, the court was of the opinion that because of this assumed error there was a material and prejudicial variance between the allegation in the complaint and the evidence at the trial. We do not concur in this opinion. If there was a variance between pleading and proof in this case, it was harmless, and should have been entirely disregarded.

By virtue of G. S. 1894, §§ 5262, 5263, it is evident that there must be not only a material variance between the allegation in the pleading and the proof, but the fact that the adverse party has been misled, and in what respect must be proved aliunde. The substance of the decisions in this state is well stated thus:

"When the disagreement between the facts alleged and the facts proved or sought to be proved is so slight that it is perfectly obvious that the adverse party could not have been misled in his preparation for trial, the variance is deemed immaterial, and the court will either disregard it altogether, .or order an immediate amendment without costs." Dunnell, Minn. Pl. § 672. .

From an examination of the answer it is plain that the defendant was not misled by a variance, if any there was, and this view is confirmed by an examination of the testimony produced at the trial.

Order reversed, and upon remittitur judgment will be entered upon the verdict.