## DERHAM v. DONOHUE.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1907.)

No. 2,447.

1. Pleading—Amendment Permissible Where Variance Immaterial.

Where the variance between the pleading and the facts which the pleader seeks to prove is so slight that it is obvious that the opposing party could not have been misled by it in the preparation of his case for trial, it is the duty of the court to disregard it or to permit an amendment to conform the pleading to the proof offered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1338.]

2. Bills and Notes—Notice of Protest—Sufficiency.

A notice of protest is sufficient which by express terms or by necessary implication informs the indorser of the identity of the paper, of due demand. of its protest, and of its dishonor.

Mistakes and omissions in it which obviously could not have misled or prejudiced the indorser are not fatal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1129–1136.]

3. Same—Facts—Conclusion.

A certificate of deposit dated January 25, 1904, due January 25, 1905, was duly presented for payment. Payment was demanded and refused on January 25, 1905. Thereupon a notice of the presentment, demand, and dishonor was sent to, and received by, the indorser, which was dated January 25, 1904, when it should have been dated January 25, 1905, which stated that the demand and dishonor were on the day of the date of the notice, that the certificate was dated January 25, 1905, when it was dated January 25, 1904, and it omitted to recite this clause which was in the certificate, "No interest after six months." *Held*, the notice sufficiently identified the certificate and notified the indorser of due presentment, demand, and dishonor, so that it is obvious that he could not have been misled or prejudiced by the mistakes in it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1129–1136.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Minnesota.

D. W. Lawler and D. F. Lyons, for plaintiff in error.

Thomas H. Quinn, for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. M. F. Donohue recovered a judgment against John Derham, the indorser of a certificate of deposit issued by the First National Bank of Faribault, and the defendant sued out this writ of error to reverse it.

The first alleged error specified is that the court permitted the plaintiff to amend his amended complaint at the trial when the certificate and indorsement were offered in evidence by inserting in the copy of the certificate set forth in the pleading the words, "With interest at 3 per cent. per annum, no interest after 6 months," which had been omitted from the complaint, and received the certificate and indorsement in evidence. But the statutes of Minnesota provide that:

"No variance between the allegation in the pleading and the proof is material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled. that fact shall be proved to the satisfaction of the court, and it shall be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." General Statutes of Minnesota 1894, § 5262.

The Supreme Court of Minnesota has declared that:

"When the disagreement between the facts alleged and the facts proved or sought to be proved is so slight that it is perfectly obvious that the adverse party could not have been misled in his preparation for trial, the variance is deemed immaterial, and the court will either disregard it altogether or order an immediate amendment without costs." Wilcox Lumber Co. v. Ritteman, 88 Minn. 18, 92 N. W. 472.

The case in hand falls under this rule. The certificate of deposit was set forth correctly in the original complaint and its execution was admitted by the answer; but the words "with interest at 3 per cent. per annum, no interest after 6 months," were omitted from the amended complaint. It is obvious that the defendant could not have been misled by this omission in his preparation for the trial, and it was the duty of the court below to permit the amendment and to receive the certificate and indorsement in evidence under the United States statute of jeofails. Rev. St. § 954 [U. S. Comp. St. 1901, p. 696]; Gen. St. Minn. 1894, §§ 5262, 5266.

The second error specified is that the court rejected evidence that Stateler agreed with Derham to take the certificate of deposit as an absolute payment of its face value for a part of the purchase price of his farm. Stateler sold his farm to Derham about December 16, 1904. Donohue had a mortgage on the farm for $4,599. Derham signed this indorsement, "Pay to the order of M. F. Donohue," upon the certificate, and delivered it to Donohue, and the latter released his mortgage and paid over to Stateler $401, the difference between the principal of the debt evidenced by the certificate and the amount due on his mortgage. The agreement between Donohue and Stateler was made at the time of the sale of the farm before the certificate was indorsed and delivered to Donohue and was not communicated to the latter. Counsel argue that this agreement constituted a defense to this action under section 5157 of Statutes of Minnesota 1894, which reads:

"In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section does not apply to a negotiable promissory note or bill of exchange, transferred in good faith and upon good consideration, before due."

They cite in support of their contention La Due v. First National Bank, 31 Minn. 33, 16 N. W. 426. In that case the payee of a draft indorsed it to one Edison, against whom the drawer, the defendant bank, had an offset. After the draft became due Edison indorsed it and it passed by subsequent indorsements to the plaintiff. The court held that the indorsers subsequent to Edison took it subject to the same offset to which it was subject in his hands. But the action in that case was

upon the draft, and that draft had passed by indorsement through Edison to assignees of the plaintiff. In the case in hand the action is not upon the certificate of deposit which Derham once owned, but upon Derham's indorsement of it. That indorsement was made directly to the plaintiff Donohue. Whatever the relations of Stateler and Derham may have been, there never was any contract of indorsement of this certificate between Derham and Stateler, and as Stateler was never a party to, or the owner of, such a contract, he was never the owner or assignor of the thing in action here in hand, the indorsement to Donohue, which is the subject of this action, and the statute invoked has no application to this case. The evidence of the agreement between Stateler and Derham was immaterial and inadmissible.

About the 16th day of December, 1904, in the negotiations for the indorsement of the certificate and the satisfaction of the mortgage Derham informed Donohue that if he would hold the certificate, which was dated January 25, 1904, and which by its terms drew interest for only six months, until January 25, 1905, the bank would pay a year's interest upon it. Thereupon they went together to the bank, and it promised to pay this year's interest if the certificate was held until January 25, 1905. Donohue agreed with Derham to hold it until that time, and that Derham should have the interest which the bank would then pay, and Derham indorsed the certificate. Counsel argue that the effect of this agreement was to substitute Donohue for Derham in the latter's relation to the bank, so that, if the bank failed to pay the certificate, the loss was Donohue's, and not Derham's. The position is untenable, because the transaction was concluded by the execution of the indorsement, the written contract by Derham to pay the certificate on due demand and notice, if the bank did not, and the delivery of this contract and the certificate to Donohue by Derham. That indorsement is utterly inconsistent with the theory that Donohue took the chance of the failure of the bank. It is in writing, its terms and legal effect are certain, and it must prevail.

Nor is the contention that since Donohue did not demand the payment of the certificate until January 25, 1905, Donohue assumed the risk of the insolvency of the bank meanwhile and thereby released Derham from his indorsement, more persuasive, because Donohue delayed his demand at the request of Derham and for his benefit, and Derham is thereby estopped from taking advantage, to the detriment of Donohue, of the delay which he caused.

Finally, counsel insist that the judgment should be reversed because in the notice of protest its date was January 25, 1904, when it should have been January 25, 1905, the date of the certificate was recited January 25, 1905, when it should have been recited January 25, 1904, and the notice failed to state that the certificate contained the words, "No interest after 6 months." They cite the following authorities in support of their argument that this notice did not inform Derham of the demand and refusal of payment of the certificate on January 25, 1905, when it fell due: Townsend v. Lorain Bank of Elyria, 2 Ohio St. 345, 353, 360, in which a note fell due on June 4, 1849, and a notice dated June 2, 1849, that it was presented and dishonored on that day, was held insufficient. Ransom v. Mack, 2 Hill (N. Y.)

587, 38 Am. Dec. 602, wherein a notice dated July 4th, that a note was presented and dishonored on that day when it was presented and dishonored on July 3d, was held bad; Etting v. Schuylkill Bank, 2 Pa. 355, 44 Am. Dec. 205, in which a notice dated on the second day of grace that payment of the note had been demanded and refused on that day, when it should have stated that the demand and dishonor were on the next day, was rejected; Wynn v. Alden, 4 Denio (N. Y.) 163, where a notice without date that the paper was presented and dishonored on "this day" was held bad; and Tevis v. Wood, 5 Cal. 393, in which a notice that the demand and dishonor were one day too late was held insufficient. It is conceded that these decisions strongly tend to sustain the contention of counsel. There are, however, decisions to the contrary. Ontario Bank v. Petrie, 3 Wend. 457; Crocker v. Getchell, 23 Me. 392; Journey v. Pierce, 2 Houst. (Del.) 176; 2 Daniel on Neg. Inst. § 984; Tiedemann on Commercial Paper, § 346. The rule upon this subject which prevails in the federal courts was stated by Story, J., in Mills v. United States Bank, 11 Wheat. 431, 436, 6 L. Ed. 512, in answer to a contention that a notice was fatally defective because it did not state who was the holder of the paper, because it misdescribed the date of the note and because it did not state that the demand had been made at the bank when the note was due. He said:

"No form of notice to an indorser has been prescribed by law. The whole object of it is to inform the party to whom it is sent that payment has been refused by the maker, that he is considered liable, and that payment is expected of him. It is of no consequence to the indorser, who is the holder, as he is equally bound by the notice, whomsoever he may be, and it is time enough for him to ascertain the true title of the holder when he is called upon for payment. The objection of misdescription may be disposed of in a few words. It cannot be for a moment maintained that every variance, however immaterial, is fatal to the notice. It must be such a variance as conveys no sufficient knowledge to the party of the particular note which has been dishonored. If it does not mislead him, if it conveys to him the real fact, without any doubt, the variance cannot be material, either to guard his rights or avoid his responsibility. * * * The last objection to the notice is that it does not state that payment was demanded at the bank when the note became due. It is certainly not necessary that the notice should contain such a formal allegation. It is sufficient that it states the fact of nonpayment of the note, and that the holder looks to the indorser for indemnity. Whether the demand was duly and regularly made is matter of evidence, to be established at the trial. If it be not legally made, no averment, however accurate, will help the case; and a statement of nonpayment and notice is, by necessary implication, an assertion of right by the holder, founded upon his having complied with the requisitions of law against the indorser."

This decision has been generally followed, and these rules may be said to be established in the national courts and to prevail in many of the state courts. Any notice of protest is sufficient which by express terms or by necessary implication conveys information to the indorser of the identity of the paper and that upon presentment, when due, payment has been neglected or refused. Mistakes and omissions in a notice which obviously could not have misled or prejudiced an indorser are not fatal to it. Bank v. Swann, 9 Pet. 33, 46, 9 L. Ed. 40; Bank v. Watterson, 2 Fed. Cas. No. 941; Cooper v. Gibbs, 6 Fed. Cas. No. 3194; Hodges v. Shuler, 22 N. Y. 114; Gates v.

Beecher, 60 N. Y. 518, 527, 19 Am. Rep. 207; Youngs v. Lee, 12 N. Y. 551; Bank of Cooperstown v. Woods, 28 N. Y. 561, 566; Smith v. Whiting, 12 Mass. 6, 7 Am. Dec. 25; Housatonic Bank v. Laflin, 5 Cush. (Mass.) 546, 548; Cayuga County Bank v. Warden, 1 N. Y. 413, 417; Rochester Bank v. Gould, 9 Wend. 280.

In the cases cited for the plaintiff in error the dates of the notices and the dates therein named on which the demands and dishonors were averred were within a few days of the due dates of the respective pieces of paper, so that the indorsers might have inferred that the demands and presentments were made on the wrong days. But in the case before us the indorser knew that the certificate which he had indorsed was dated on January 25, 1904, that it was due on January 25, 1905, and that he received this notice a short time after the latter date. The notice was dated January 25, 1904, and stated that on that day the certificate was duly presented for payment and that payment was demanded and refused. Derham knew that this was a mistake, for he knew that the certificate was issued to him and that he himself had possession of it on that day. Thus he knew it could not have been presented on the day stated in the notice. He knew that it fell due on January 25, 1905, and that the purpose of this notice was to inform him of its presentment and dishonor. "A statement of nonpayment and notice," says Mr. Justice Story in Mills v. United States Bank, "is, by necessary implication, an assertion of right by the holder, founded upon his having complied with the requisitions of law against the indorser." It is plain that the mistake in the recital of the date of the certificate in the notice and its failure to contain the clause, "No interest after six months," could not have misled Derham as to the identity of the paper, and there is no rational escape from the conclusion that by the terms of the notice and the necessary implication therefrom it sufficiently informed him of the presentment, demand, and dishonor of the certificate on the day when it fell due.

The judgment below must accordingly be affirmed; and it is so ordered.

HOOK, Circuit Judge (specially concurring). I concur in the result in this case, and in what is said excepting as to the application of the Minnesota statute of amendments. Congress has prescribed a rule sufficient for the guidance of national courts in this particular.