BERT S. KAUFMAN v. W. McK. BARBOUR.[1]

January 24, 1908.

Nos. 15,393—(169).

**Joint and Several Note—Variance.**

    The complaint alleged that the note in suit, although joint and several upon its face, was executed by appellant as principal and the other signers as sureties. The answer admitted the execution of the note as set out in the complaint, but alleged that the indebtedness was that of the re-

[1] Reported in 114 N. W. 738.

spondent, and that appellant was not liable therefor. Respondent having rested his case upon the pleadings and note, without proof that appellant was the principal, *held*, that there was no such variance between pleadings and proof as to prevent recovery by respondent for contribution upon the theory that the note was joint and several.

Action in the district court for Hennepin county to recover $2,500 upon a promissory note. The case was tried before Frederick V. Brown, J., who directed the jury to return a verdict in favor of plaintiff for $1,035.52. From an order denying his motion to set aside the verdict and for a new trial, defendant appealed. Affirmed.

*Thomas McDermott,* for appellant.

*Dodge & Webber,* for respondent.

LEWIS, J.

The complaint alleged: "That on or about the 5th day of December, 1902, the defendant, as principal, and Lewis Gaylord and Moses F. Kaufman, as sureties, made, executed, and delivered to one Samuel Westheimer, for value received, their certain promissory note in writing in words and figures as follows." The complaint also stated that Moses F. Kaufman had died, that the payee had filed a note as a claim against his estate, that the same was paid, and that respondent had acquired title thereto. Appellant answered, admitting "that, on or about the time alleged in said complaint, defendant, Lewis Gaylord, and M. F. Kaufman executed their certain promissory note in the words and figures as set out in the first paragraph of the complaint of said plaintiff," denied upon information and belief that the note had been paid by the Kaufman estate; and set up a special defense that by agreement of the parties the note was to be paid by M. F. Kaufman and that appellant was not to be holden to pay any portion thereof.

At the trial respondent introduced the note, together with a stipulation that it had been paid by the Kaufman estate and that respondent was the owner. Respondent having rested, appellant moved that the action be dismissed, upon the ground of a variance between the proof and the pleadings, and upon the further ground that not sufficient evidence had been introduced to make out a cause of action. The court denied the motion, and appellant rested, whereupon the court di-

rected a verdict in favor of respondent for one-third the amount due on the note, upon the ground that respondent was entitled to recover that amount as and for his contribution, upon the theory that the note was joint and several, and that there was no evidence to show that appellant was the principal and that the other signers were sureties. The court also held that there was no fatal variance between the pleadings and proof.

We must assume that the complaint was drawn upon the theory that defendant was principal and that M. F. Kaufman was the surety owner. Upon that theory of the complaint the respondent would be entitled to recover from appellant the full amount of the note; but it does not necessarily follow that appellant was misled by the issue thus presented, and that he was unprepared to meet the concession offered by respondent, viz., to waive judgment for the full amount and to recover only what appellant would be liable for, treating the note as joint and several. Respondent came into court and made the statement that he was unable to prove that the liability was any different from that which appeared on the face of the note. Appellant was presumably prepared to support the issues presented by his answer. The answer admitted the execution of the note as set out, viz., a joint and several note, but that the entire indebtedness evidenced thereby was for M. F. Kaufman to pay. Under such circumstances the question arises, granting there was a variance between the complaint and the proof at the time respondent rested his case, was it a fatal variance? The statute (section 4158, R. L. 1905) upon the question of variance has been under consideration by this court a great many times, and it is well established that the variance is fatal only when the adverse party might reasonably have been misled in his preparation for trial, and makes it appear to the court that he actually was misled, and even then an amendment will be ordered with costs, or a continuance granted with leave to amend. One of the later cases upon the subject is Wilcox Lumber Co. v. Ritteman, 88 Minn. 18, 92 N. W. 472. See also Dunnell, Minn. Pl. § 672. It does not appear that in preparation for trial appellant was misled by the alleged variance between the face of the note and the pleadings.

Order affirmed.