# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

DOWAGIAC MANUFACTURING COMPANY v. J. G. VAN VALKENBURG.[1]

May 6, 1910.

Nos. 16,493—(54).

**Promissory note — consideration.**

> Evidence considered, and *held*, that it sustains the findings of fact of the trial court to the effect that the respondent signed the promissory note, which is the subject-matter of this action, without any consideration.

Action begun in justice court to recover $62.50 upon a promissory note. From the judgment of the justice in favor of plaintiff, defendant J. G. Van Valkenburg appealed to the district court for Clay county. The case was tried before Baxter, J., who made findings and as conclusion of law found in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*A. T. Cole* and *Nye & Dosland,* for appellant.

*N. I. Johnson* and *Garfield H. Rustad,* for respondent.

[1]Reported in 126 N. W. 119.

111 M.—1.

START, C. J.

Appeal from an order of the district court of the county of Clay denying the plaintiff's motion for a new trial. The action was brought upon a promissory note, which was signed by the defendant and made payable to the plaintiff. The defense of the defendant, J. G. Van Valkenburg, hereafter referred to as the respondent, was that he signed the note without any consideration. This issue was tried by the court without a jury, and findings of fact and conclusions of law made to the effect that the note was signed by the respondent without any consideration, and that he have judgment for his costs.

The plaintiff here urges in support of its appeal that the finding that there was no consideration for the execution of the note by the respondent is unsupported by the evidence, and that he is estopped from denying liability on the note. The undisputed evidence tends to establish these facts:

The note was originally executed by the respondent's son, and the respondent was in no manner connected with the note, or the consideration for which it was given. After the note was past due, an agent of the plaintiff called upon the respondent, and told him that he had the note against his son, that it was due, and that he was going to sue his son, but he had not time to go and see him. The agent then requested the respondent to put his name on the note, so that he could show his company that he had not been idle, but had been doing something. The respondent then signed the note at the agent's request, without any consideration whatever. The son never requested the respondent to sign the note, and had no knowledge that he had done so until long afterwards. Other than as stated, there was no evidence that there was any agreement to extend the time of the payment of the note, or that the time of payment of the note was ever extended, in reliance on the fact that respondent had signed it.

It is clear from the evidence that the respondent signed the note without any circumstances of advantage to his son or disadvantage to the plaintiff, and without any consideration. Security Bank v. Bell, 32 Minn. 409, 21 N. W. 470; Turle v. Sargent, 63 Minn. 211, 65 N. W. 349, 56 Am. St. 475. The evidence discloses none of the

elements of an estoppel. The findings of fact and conclusion of law of the trial court are sustained by the evidence.

Order affirmed.