## PETER A. LARSON v. THOMAS H. BARLOW.[1]

October 14, 1910.

Nos. 15,136—(1).

**Book entries evidence of value.**

Entries in books of account, when duly verified, are prima facie evidence of the value of the goods sold. There was no prejudicial variance in this case between the allegations of the complaint and the cause of action proved on the trial. Nor was there any reversible error in the rulings or instructions of the trial judge at the trial.

Action in the district court for Yellow Medicine county to recover $114.78, balance alleged to be due upon the purchase price of certain merchandise and for money loaned. The substance of the pleadings

[1]Reported in 127 N. W. 924.

is stated in the opinion. The case was tried before Powers, J., and a jury which returned a verdict in favor of plaintiff for $133.83. And a special verdict that plaintiff loaned defendant $20. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*J. N. Johnson,* for appellant.

*Ole Ostensoe,* for respondent.

START, C. J.

Appeal by defendant from a judgment of the district court of the county of Yellow Medicine. The complaint alleged a sale of goods by the plaintiff to the defendant at his request, of the reasonable value of $179.01, no part of which had been paid, except the sum of $88.23, and also the loan of $24 by plaintiff to the defendant. Answer admitted that at the times alleged in the complaint the plaintiff sold to the defendant goods of the value of $130.81, and no more, and that he had paid for them in full; other than this, the answer denied the allegations of the complaint. Verdict for the plaintiff for $133.83, which included $19.10 interest and $20 loaned by plaintiff to defendant; that is, the jury found a balance of $94.73 due the plaintiff for goods sold and $20 only for money loaned.

1. The first four assignments of error raise the question whether there was a fatal variance between the allegations of the complaint and the proof. The plaintiff is a retail merchant, and kept regular books of account, which he produced on the trial, duly verified them, and they were received in evidence. The book entries showed the sale of goods by the plaintiff to the defendant of the value alleged in the complaint. This evidence established prima facie the allegations of the complaint as to the sale of goods; for entries in books of account, when duly verified, are prima facie evidence of the value of the goods sold. The defendant testified without contradiction that at least one-third of the goods in question were bought at an agreed price; but he specified no items. On the contrary, his objection was sustained to a question on his cross-examination to the effect whether the charges for the goods in plaintiff's account books were any more than they were rightfully worth. It is perfectly obvious

upon the whole record that, if there was any variance, it was purely a technical one, and that the defendant was in no manner misled or otherwise prejudiced, and it must be disregarded. Wilcox Lumber Co. v. Ritteman, 88 Minn. 18, 92 N. W. 472; Kaufman v. Barbour, 103 Minn. 173, 114 N. W. 738.

2. On the cross-examination of the plaintiff, the questions were asked by defendant and rulings made by the court as follows: "Q. Now, it is quite customary, is it not, in the regular course of merchandise business, for parties other than the party to whom you charge to come in and get goods for them? (Objected to as incompetent. Objection sustained.) Q. Do you know whether or not, in every case where anybody but the defendant himself got goods, that it was marked down who it was gotten by? (Same objection, and also not proper cross-examination.) Court: I don't think it is cross-examination; objection sustained." These rulings are assigned as error; but the record does not disclose any exceptions to the rulings on the trial, nor that either of them was specified as error on the motion for a new trial, which was based upon the minutes of the court and the stenographer. R. L. 1905, § 4200. But, this aside, it is manifest that the rulings do not constitute reversible error.

Evidence of custom in merchandise business was not relevant to any issue in the case. The second question was not, on its face, proper cross-examination. If it was a preliminary question, to be followed by other evidence relevant to the issue, the attention of the trial court should have been called to the matter. Nichols & Shepard Co. v. Wiedemann, 72 Minn. 344, 75 N. W. 208, 76 N. W. 41.

3. The other assignments of error relate to the charge of the court relevant to the plaintiff's claim for money loaned to defendant. The plaintiff testified that on two different occasions he personally loaned to defendant $10 and charged it to him on his books as cash. The defendant testified, in effect, that he never borrowed the $20, but on the contrary that, at each of the times plaintiff claims to have loaned to him $10, he in fact paid that amount to the plaintiff. In submitting the issue as to the $20, the trial court instructed the jury as follows: "The plaintiff claims that it was a personal transaction between him and the defendant; * * * that he made up the

slip himself, charging the defendant with $10 loan to him, instead of $10 received and paid, each time. How such an error could be made it is difficult to conceive. * * * I don't know that counsel has been able to point out to you any special reason why the one should remember it any better than the other, but, if there is anything in the evidence from which you could see that one would be likely to remember what those transactions were better than the other would, that will assist you in determining which one is right." The defendant excepted to the charge of the court in these words: "The defendant excepts to that part of the court's charge to the jury in which he states, 'How such an error could be made it is difficult to conceive.' " The record discloses no other exception to the charge. The defendant here urges that the statement of the court to the jury that the plaintiff claimed that he charged the defendant on his books with "$10 loaned," instead of "cash $10," was erroneous and tended to mislead the jury. Waiving the point that the record discloses no exception to this part of the charge, it is apparent that the alleged erroneous statement of the court was, at most, a mere inadvertence, and that the attention of the court should have been called to it at the time, if there was any reason to apprehend that the jury might be misled. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

It is further urged that it was prejudicial error for the court to state to the jury that it was difficult to conceive how such an error could be made, because it was easy to conceive how it could have been made; hence it was an unfair comment on the evidence, and in effect an unwarranted expression of the trial judge's opinion upon a disputed question of fact. The trial judge in a civil action may express an opinion upon a disputed question in its charge to the jury, provided the question is fairly left to the jury for their decision. First Nat. Bank v. Holan, 63 Minn. 525, 65 N. W. 952; Bonness v. Felsing, 97 Minn. 227, 106 N. W. 909, 114 Am. St. 707. A consideration of the charge of the court as a whole, in connection with the evidence, satisfies us that the disputed questions of fact were fairly left to the jury.

Judgment affirmed.