## AMERICAN MULTIGRAPH SALES COMPANY v. DONALD GRANT.[1]

December 22, 1916.

Nos. 20,110—(241).

**Bills and notes — consideration for signature of note by stranger,**

1. Where one signs his name in blank on the back of a note, made by another, before delivery, the debt for which the note was given is a consideration to support his promise. But if he signs after the note is delivered, a new consideration is necessary.

**Same — delivery — evidence of condition admissible.**

2. Where the note passes from the maker to the payee, that is *prima facie* a delivery. It is competent, however, to show that an agreement was made that the note should not become operative until signed by another. The finding of the court negatives any such agreement in this case.

**Assignment of error — failure to show nature of testimony excluded.**

3. Error cannot be predicated on the exclusion of testimony where

[1]Reported in 160 N. W. 676.

there is no offer of proof and the nature of the testimony is not made to appear to the court.

Action in the district court for Rice county to recover $5,080.87 upon a promissory note. The case was tried before Childress, J., who made findings and ordered judgment dismissing the action. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*E. H. Gipson,* for appellant.

*Robert Mee,* for respondent.

HALLAM, J.

1. This is an action to recover on a promissory note, dated November 11, 1913, and payable one year after date. The note was signed by H. H. Batcheller and was given for his debt. The court found that defendant, on or about the date of the note, placed his name in blank on the back of the note, and that his name was so signed by him without any consideration. Judgment was ordered for defendant, and plaintiff appeals from an order denying its motion for a new trial.

The defense of want of consideration for a promise made by one party to pay the just debt of another, is not looked upon with much favor by the courts, yet the established rule of law that every executory promise must have a consideration to support it, must be observed. No consideration passed in this transaction from plaintiff to defendant. The note was a renewal and extension of a former note given to plaintiff by Batcheller alone and for his sole debt. Plaintiff contends that the note in suit was taken from Batcheller, on the condition that it would be signed by defendant, that defendant knew this fact; that the note was signed by defendant before it was accepted by plaintiff, and was so signed for the purpose of giving it credit and to secure an extension of time for payment of the old debt. If these were the facts, the note was in reality signed on the back by defendant before it was delivered, and the debt for which the note was given was sufficient consideration to support the promise of defendant. Peterson v. Russell, 62 Minn. 220, 64 N. W. 555, 29 L.R.A. 612, 54 Am. St. 634; G. S. 1913, § 5876. Defendant denies that these were the facts and claims that the note was signed by him after an unconditional delivery of it by Batcheller to plaintiff, and without

any new consideration; that defendant was not informed that his indorsement was a condition to the delivery or acceptance of the note or that credit was to be extended on the faith of his signature. If these were the facts, there is no consideration to support defendant's promise, for it is well settled that the signature of a note by a stranger, after the note has been delivered, without prior agreement, and without any new consideration, is nudum pactum, and that the note cannot be enforced against him. In such case the consideration of the original note does not support the promise of the stranger to pay. A new consideration is necessary. Dowagiac Mnfg. Co. v. Van Valkenburg, 111 Minn. 1, 126 N. W. 119.

The finding of the court that defendant signed the note without consideration, must be taken as determining the facts adversely to plaintiff's contention.

2. The evidence is sufficient to sustain this finding. The evidence is undisputed that the note was signed by Batcheller in Minneapolis, and was delivered there to Mr. Dunlap, the treasurer of plaintiff, who took it the next day to Faribault, where it was signed by defendant. The note had passed from the hands of the maker Batcheller into the hands of the payee, plaintiff. This was prima facie a delivery. It was competent to show that an agreement was made that the note should not become operative until signed by defendant; Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Merchants' Exchange Bank v. Luckow, 37 Minn. 542, 35 N. W. 434; Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057, and in that event the delivery would not be complete until so signed. Dunlap testified that this was the understanding. Defendant denied it. The court's finding is an acceptance of defendant's version of the affair. The finding must be sustained.

3. Plaintiff's counsel, referring to the transaction between Dunlap and Batcheller, asked Dunlap: "What was the understanding about the delivery of the note, if any?" and asked him to "explain what led up to the —bearing directly upon this note." Objection was made in each case and was sustained. These rulings are assigned as error. If it was the purpose of counsel to show that delivery of the note was conditional upon the procurement of the signature of the defendant, then the evidence sought to be elicited was proper enough. But counsel did not advise the court that

this was his purpose. He made no offer of proof. The nature of the proposed testimony was not made to appear, either from the question or otherwise. Such being the case, there was no reversible error in the rulings complained of. Austin v. Robertson, 25 Minn. 431.

Much was said in the trial court, and in the briefs, and on the argument in this court, to the effect that the note was executed by defendant for an illegal consideration. No such issue was raised in the pleadings. The defense pleaded was that there was no consideration at all. The court made no finding on the question of illegality of the consideration and was not asked to do so. The question is not properly before this court.

Order affirmed.