## HENRY TIMM v. GEORGE B. AITON.[1]

December 9, 1921.

No. 22,510.

**Variance — when disregarded.**

1. A variance between the allegations of a pleading and the evidence tendered on the trial in support thereof, unless substantially material and of a nature to mislead the adverse party, should be disregarded, or an amendment permitted or ordered by the court to cure the defect.

**Variance not misleading.**

2. The variance shown in this case *held* not substantial or misleading.

**Promise to pay debt of another not within statute of frauds.**

3. A promise to pay the debt of another, for the payment of which the promisee is secondarily liable, on the agreement of the promisee to repay the amount, all in parol, is an original undertaking and not within the statute of frauds.

Action in the district court for Itasca county to recover $1,200 for money had and received. The case was tried before Stanton, J., who at the close of the testimony granted defendant's motion to dismiss the action on the grounds that the facts stated in the complaint were not sufficient to constitute a cause of action; that there was a material variance between the allegations of the complaint and the evidence, and

[1]Reported in 185 N. W. 510.

that there was no consideration at all for any promises on the part of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Charles W. Scrutchin,* for appellant.

*Willard A. Rossman,* for respondent.

BROWN, C. J.

It appears from the pleadings and evidence in this case that one Somers on February 17, 1915, made and delivered to the Mercantile State Bank of Minneapolis his certain promissory note for the sum of $1,000, payable 90 days from date with interest. The note was indorsed by defendant in this action. It was subsequently transferred to the Security State Bank of Grand Rapids, of which the indorser, defendant herein, was the president and managing officer. It was not paid and was overdue and an asset in defendant's bank. Plaintiff had been a partner of Somers, the maker of the note, in the real estate business, and defendant requested him to take it up, saying that the bank examiner would object to the bank carrying the overdue paper, at the same time agreeing that, if plaintiff would pay the note, he, defendant, would repay the amount as soon as he could. On the strength of this promise of repayment, plaintiff paid the note to defendant's bank and it was delivered to him. Defendant has at all times refused to repay the money, and this action was brought to recover the same. The action was dismissed at the trial for the failure of plaintiff to make out a case, and on the further ground that there was a material variance between the allegations and proof. Plaintiff appealed from an order denying a new trial.

We are of opinion that the learned trial court erred in dismissing the action. The evidence unexplained or uncontradicted, the substance of which is stated above, made a prima facie case for recovery against defendant. The transaction was in substance a loan of the money to defendant, under his promise to repay the same. That there was a consideration for the promise cannot well be doubted. Defendant was liable on the note as an indorser; by the payment he was released from

that liability; therein is a sufficient consideration, in addition to the $1,000 parted with by plaintiff. Van Cappellan v. Chicago, St. P. M. & O. Ry. Co. 126 Minn. 251, 148 N. W. 104. The transaction therefore does not come within the statute of frauds.

The point that there was a material variance between the allegations of the complaint and the evidence tendered by plaintiff, is technically correct. The complaint proceeds on the theory of money had and received, when the cause of action in reality is one for money loaned. But defendant was not misled. His counsel seems to have been fully aware of the real transaction as shown by his cross-examination of plaintiff while on the stand as a witness. The rule of variance between allegations and proof is that, unless substantially material and of a nature to mislead the adverse party, the court rather than order a dismissal will direct or permit an amendment of the pleading, or disregard the matter entirely. 2 Dunnell, Minn. Dig. § 7672; Wilcox Lumber Co. v. Ritteman, 88 Minn. 18, 92 N. W. 472; Adams v. Castle, 64 Minn. 505, 67 N. W. 637. The rule is otherwise where the variance is substantial and misleading. But this point, as suggested by counsel on the argument, was not the ground for the order dismissing the action; the theory that the statute of frauds applied to the case seems to have been the real basis of the dismissal.

Order reversed.