## PARLIN & ORENDORFF PLOW COMPANY v. J. C. EVENSON.[1]

March 7, 1924.

No. 23,827.

**Verdict properly directed for defendant.**

1. In this action against an irregular indorser of promissory notes, the defense proved that the maker executed and delivered the notes to the payee absolutely and unconditionally, that the notes were given for a past-due debt of the maker for which the indorser was in no way liable, and that after such delivery, without any new consideration, defendant indorsed the notes, and since there is nothing in the record authorizing the jury to hold such proof insufficient, the court rightly directed a verdict for defendant.

**Point not decided.**

2. Whether defendant was also entitled to a directed verdict because the evidence conclusively showed an extension of time to the maker without the consent of defendant, is not determined.

**No reversible error.**

3. There was no reversible error in permitting the defendant to open and close the case, nor abuse of discretion in allowing amendments to the answer.

Action in the district court for Norman county to recover upon two promissory notes. The defense is specified in the second paragraph of the opinion. The case was tried before Grindeland, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Edgar E. Sharp*, for appellant.

*F. H. Peterson* and *Christian G. Dosland*, for respondent.

[1] Reported in 197 N. W. 489.

HOLT, J.

A verdict for defendant was directed, and plaintiff appeals from the order denying its motion in the alternative for judgment non obstante or a new trial.

Plaintiff sued as payee of two promissory notes, dated April 23, 1914, one for $1,070.89 due October 1, 1914, and one for $1,079.23 due November 1, 1914, signed by Walum Implement Company as maker and defendant as indorser. The defense was that defendant was an accommodation indorser without consideration, that an extension had been granted the maker without the consent of defendant, and a settlement not now relied on. The only evidence as to what transpired between the parties to the notes, aside from correspondence and written documents, came from defendant and his son, the maker. A representative of plaintiff testified, but only as to its books of account and correspondence. The agent who obtained the notes and defendant's indorsement was not a witness, nor the one who secured the extension notes, the chattel mortgage or the settlement alleged.

The testimony of both defendant and his son is direct and positive that defendant had no interest whatever in the business the son carried on at Walum, North Dakota, under the name of the Walum Implement Company, and in the conduct of which the son had become indebted to plaintiff in the amount for which the notes were given. Not even with loans had the son been assisted by the father, until after the execution of these notes. There is nothing to cast the slightest doubt upon this testimony, except a letter written by defendant to plaintiff about the due date of the notes requesting forbearance for a month or two. And the import of this letter has so little significance on the point of his interest in the business or the matters litigated that no verdict or finding could be predicated thereon. The defendant, his son, and the son's father-in-law had at some time planned to organize a corporation to take over and carry on the business of the son, but there had been nothing done to put the plans into effect, except that the son had procured blanks for articles of incorporation.

The testimony is also such in respect to the signing and delivery at Walum of these two notes to plaintiff's agent that no jury could be permitted to find that the delivery was conditional or otherwise than absolute. No doubt, both the son and the agent hoped that the defendant could be induced to indorse the same. And, after the agent obtained the notes from the son, he went to Syre, Minnesota, 150 miles distant from Walum, and procured defendant's indorsement. The notes represented a past-due debt of the son, for which the father was in no way liable; they had been delivered unconditionally by the son to the payee; and there was no consideration for the indorsement. The law is well settled that a new consideration is necessary to support an indorsement made after an unconditional delivery of a note by the maker to the payee. American M. S. Co. v. Grant, 135 Minn. 208, 160 N. W. 676. There had been no previous engagement by defendant to indorse, if extension was given the son, so as to bring the case within Peterson v. Russell, 62 Minn. 220, 64 N. W. 555, 29 L. R. A. 612, 54 Am. St. 634. The notes in suit were given before our negotiable instruments act went into effect, so none other than the provisions of that law affecting the remedy apply to this case.

The defense also was that defendant, an accommodation indorser, was released by the extension of time granted the maker without defendant's knowledge or consent by the acceptance of two new notes, made by the son on July 22, 1915, and secured by a chattel mortgage, one of which notes fell due November 1, 1915, and one December 1, 1915. In this last transaction the whole debt represented by the notes in suit, less payments, was figured, including interest up to the due dates of the new notes. There is no contention that this was done with the knowledge or consent of defendant. But, the claim is that the last notes were taken as collateral to the first. There is no evidence to that effect. The letter of the son sending the notes is that the first notes might be held as collateral to the last. But, in view of the conclusion stated that the indorsement was made after delivery for accommodation only and without any new consideration, it is not necessary to pass upon the defense of release because of an extension.

Since both parties moved for a directed verdict, and a verdict was directed, it is not apparent wherein plaintiff could be prejudiced by the ruling that defendant had the opening and closing of the case. Over objection amendments to the answer were permitted during the trial. This was within the discretion of the court, and no abuse can be charged, for plaintiff was given the privilege of a continuance, terms to be imposed upon defendant if a continuance was desired. Plaintiff concluded to proceed.

The order must be affirmed.