HAWLEY LUMBER COMPANY v. MARGARET NORDLING.[1]

June 25, 1926.

No. 25,391.

**Where defenses named were not sustained court properly ordered judgment notwithstanding.**

The defenses of want of consideration and fraud in obtaining defendant's signature to a promissory note were not sustained by the evidence, and the court properly ordered judgment notwithstanding the verdict.

Bills and Notes, 8 C. J. p. 219 n. 83; p. 220 n. 92; p. 783 n. 54; p. 1048 n. 21; p. 1052 n. 50.

Fraud, 26 C. J. p. 1117 n. 84.

Judgments, 33 C. J. p. 1184 n. 49.

Action in the district court for Clay county upon a promissory note. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendant. Defendant appealed from an order

[1]Reported in 209 N. W. 484.

granting plaintiff's motion for judgment notwithstanding the verdict. Affirmed.

Christian G. Dosland, for appellant.

Hammett & Morton, for respondent.

HOLT, J.

There was a verdict for defendant. Upon plaintiff's motion in the alternative for judgment non obstante or a new trial, the court ordered judgment in its favor and defendant appeals.

The action is brought upon a promissory note executed by defendant and her deceased husband. The note was secured by a mortgage on a farm, executed at the same time. It was for a balance due plaintiff for lumber furnished for a granary and garage on the farm and for building a home in Hawley. Both the farm and the lot on which the home was built belonged to the husband. The defenses which defendant set up were want of consideration and fraud and misrepresentations practiced in obtaining her signature to the note.

There was a valid consideration, even granting that the debt evidenced by the note was the husband's and not defendant's. He obtained a year's extension of payment by the giving of the note. It was signed by defendant before delivery by the husband. The distinction between this case and those cited by appellant is obvious. In Dowagiac Mnfg. Co. v. Van Valkenburg, 111 Minn. 1, 126 N. W. 119, the defendant signed the past-due note of his son without the latter's knowledge and without the granting of any extension of time. In American M. S. Co. v. Grant, 135 Minn. 208, 160 N. W. 676, the decision turned on the fact that defendant signed after the note had been delivered. The Iowa cases cited by appellant are not to the contrary. In Insell v. McDaniels (Iowa) 207 N. W. 533, the note in suit was not called for by the contract made solely with the husband. Here time was extended to the husband in which to pay for the lumber and work plaintiff had furnished him.

We are also convinced that the learned trial court was right in holding that the evidence did not justify the jury in finding fraud

or misrepresentation in obtaining defendant's signature to the note. She was an intelligent woman, had attended the common schools in Norway, and on arriving here at the age of 14 had spent about a year in an academy to learn the English language. She testified that she had no difficulty in reading it. After her marriage she signed several mortgages and notes before the note in suit was signed. She admits she knew that a mortgage was to be given on the farm and says she was alert enough to inquire that it was not upon the house in Hawley. She knew she signed two papers. The note is in the ordinary simple form of promissory notes, consisting of six lines about four inches long of written and printed matter. The testimony from which fraud, deceit or misrepresentation is to be drawn or inferred, if at all, is this given by defendant:

"Well, I asked what kind of papers it was I was supposed to sign. He (Sjordal) said it was a mortgage and that that was all. * * * Q. Was there anything said about a note at that time? A. No, sir."

She further testified that she did not read the instruments because she relied on Sjordal's statements that it was only a mortgage; that she had bought no lumber of plaintiff and did not personally owe it anything. On cross-examination these questions were asked, and these answers given:

"Q. Yes, you knew the note and mortgage was for lumber? A. Yes, sir. Q. Did you know the amount of the note, the size of it? A. Yes, sir. * * * Mr. Sjordal at that time did not tell you that you would not be liable on any of these papers, did he? A. No, sir; he did not. * * * Q. Then as a matter of fact you know, don't you, Mrs. Nordling, that when you give a mortgage you have to sign a note? A. I didn't know it. I didn't know it at the time I signed this mortgage because he just mentioned the mortgage. * * * Q. But nevertheless after he told you all there was was a mortgage you went ahead and signed two instruments? A. Yes, sir. Q. Without reading any of them? A. No, I didn't. I took his word for it. * * * Q. You have made a practice of

signing your name to instruments without paying any attention to that? A. Well, I asked Mr. Sjordal and he told me it was a mortgage on the land but he never mentioned no note. * * * Q. But what I am getting at is, you had read notes before several times and you know a note when you see it? A. Yes. I would know a note when I would see it."

The evidence is that plaintiff's manager had insisted that defendant's husband make some settlement for the amount due, and that a mortgage was promised on the farm. Sjordal was cashier of the bank at the village of Hawley and being a notary public was requested by plaintiff's manager to make out the mortgage and have it executed. He drew the mortgage and note and went to defendant's home where her husband was. In his presence the conversation detailed above between Sjordal and defendant took place, and the note and mortgage were signed and acknowledged. From defendant's own testimony no intention on the part of Sjordal to deceive or mislead defendant can be inferred. Evidently he thought it proper that the wife who signed the mortgage should also sign the note. There being no active or conscious effort by plaintiff or its agent to mislead defendant or to place any obstacle in the way of her ascertaining the contents of the instruments she was signing, her failure to know that she signed a promissory note must be attributed solely to her own negligence or indifference. There was no defense to go to the jury.

The order is affirmed.