NELS K. CHRISTIANSON v. NATIONAL CITIZENS BANK OF CANBY.[1]

July 9, 1926.

No. 25,445.

**Finding sustained that mortgage taken as security was subsequently taken over by pledgee as its own property.**

1. The finding that a mortgage assigned by plaintiff to defendant as security had subsequently been taken over by defendant as its own property is sustained by the record.

**Finding sustained that after maturity plaintiff signed note of another without consideration.**

2. The finding that the note of a third party signed by plaintiff after it became due was signed without consideration is sustained by the evidence.

**No fatal variance between allegation that defendant had collected mortgage and proof that showed defendant had taken it as its own property.**

3. The fact that the complaint alleged that defendant had collected the mortgage while the proof shows that defendant had not collected it but had taken it over as its own property is not a fatal variance under the facts of this case.

Bills and Notes, 8 C. J. p. 1049 n. 22.
Pleading, 31 Cyc. p. 703 n. 40.
Pledges, 31 Cyc. p. 867 n. 59 New.

[1]Reported in 209 N. W. 899.

Appeal by defendant from an order of the district court for Yellow Medicine county, Baker, J., denying a new trial after findings and judgment ordered for plaintiff. Affirmed.

*Paul D. Stratton* and *A. C. Severson*, for appellant.

*Johnson & Schaefer*, for respondent.

TAYLOR, C.

Appeal by defendant from an order denying a new trial after findings had been made and judgment directed for plaintiff.

In the spring of 1921 plaintiff was indebted to defendant in the sum of $2,700, evidenced by two promissory notes, and as security therefor assigned to defendant a second mortgage of $4,000 upon a half section of land in Lac Qui Parle county and the note secured thereby. This mortgage was subject to a first mortgage of $11,000. In October, 1921, the mortgagor made an arrangement with defendant to place a first mortgage of $16,000 on the land in lieu of the mortgage of $11,000. Pursuant to this arrangement, defendant satisfied and discharged the mortgage of $4,000 assigned to it by plaintiff, and the mortgagor executed and placed of record the mortgage of $16,000 and then executed and delivered to defendant a new mortgage of $4,000 subject to the mortgage of $16,000. Whether the new mortgage of $4,000 was made to the plaintiff or the defendant is not made clear by the record, but probably is not important.

In 1919 plaintiff's brother Carl Christianson was indebted to defendant in the sum of $2,500 evidenced by a promissory note for that amount signed by him and Andrew Christianson, a third brother, and payable December 1, 1920. In the spring of 1921 and several months after this note became due, it was signed by plaintiff.

In 1923 plaintiff brought this action alleging that defendant had collected the full amount of the mortgage of $4,000 assigned to it by him together with the interest thereon, and asking judgment for the excess so collected over and above his indebtedness to defendant of $2,700 and the interest thereon.

In its answer defendant alleged that plaintiff assigned the mortgage to it as security for the indebtedness of $2,700 and for all

future indebtedness; that plaintiff was indebted to it in the sum of $2,700 and interest on his individual notes, and also in the further sum of $2,500 and interest on the note of his brother Carl less the proceeds of certain collateral which had been applied thereon; and that these two amounts exceeded the amount of the mortgage. Defendant further alleged that it had satisfied the original mortgage and taken the new mortgage with plaintiff's express consent, and further alleged that on February 6, 1923, it agreed to apply the amount of the mortgage on plaintiff's indebtedness and took over the mortgage as its own property. The answer contains no denial of the allegations of the complaint other than may be implied from its affirmative allegations inconsistent therewith.

In his reply plaintiff admitted that the mortgage was assigned as security for his debt of $2,700 and renewal notes given therefor but not otherwise, and denied all the allegations of the answer except as admitted in the complaint. He alleged that defendant satisfied and discharged the mortgage which he had assigned to it and took a new mortgage subject to a first mortgage of $16,000 without his knowledge or consent; that the mortgage assigned by him had been paid and satisfied; that he signed the note given by Carl without any consideration and solely on the representation that his signature was wanted only to satisfy the banking department, and that he would never be called upon to pay it; and that this note had since been renewed and the time of payment extended without his knowledge or consent.

Defendant presented testimony to the effect that plaintiff signed Carl's note at Carl's instance in consideration of an oral agreement to extend the time for payment, but the length of the extension was not stated. Both plaintiff and Carl deny any such transaction. Carl says that he never asked plaintiff to sign the note and did not know that he had signed it until long afterwards. Plaintiff says that he signed it at the request of defendant's cashier so it would pass the inspection of the bank examiner, and on the assurance that it was secured and he would never be called upon to pay it. The court found that there was no consideration for plaintiff's signature, and this finding is sustained by the evidence. Dowagiac Mnfg.

Co. v. Van Valkenburg, 111 Minn. 1, 126 N. W. 119; American M. S. Co. v. Grant, 135 Minn. 208, 160 N. W. 676. It follows that plaintiff was not liable on Carl's note and that the balance due thereon could not be charged against him. Consequently whether plaintiff assigned the mortgage as security for only the indebtedness of $2,700 as claimed by him, or as security for that indebtedness and all future indebtedness as claimed by defendant, is immaterial, and whether the time for the payment of Carl's note had been extended without plaintiff's knowledge or consent is also immaterial.

It is undisputed that the amount for which the court directed judgment is the correct amount if plaintiff is not liable on Carl's note and defendant is chargeable with the amount of the mortgage. But defendant insists that, as the complaint alleges that defendant had collected the mortgage, plaintiff must prove that it had been actually paid to defendant in order to recover. Plaintiff offered in evidence the satisfaction executed by defendant which acknowledged that the mortgage and the debt which it secured had been fully paid and satisfied, but offered no further evidence to prove actual payment. From the evidence presented by defendant, it is clear that the debt was not actually paid and is now represented and secured by the new mortgage. But whether it was actually paid is not important if defendant has dealt with it in such a manner that plaintiff has the right to require defendant to account to him for its value. If defendant satisfied it and took the new mortgage without plaintiff's consent, defendant would be responsible to plaintiff for its value. The evidence on this question is flatly contradictory and the court made no finding upon it. Instead of finding upon that issue, the court found that defendant took over the mortgage as its own property on February 6, 1923, and applied a part thereof on plaintiff's indebtedness, and the important question is whether that finding is justified by the record. The answer did not deny that defendant had collected the mortgage but alleged that the exchange for the new mortgage had been made with the plaintiff's consent, and then alleged that defendant had taken over the new mortgage as its own property on February 6,

1923, and had applied it on plaintiff's indebtedness. Aside from the admission in the answer the only evidence bearing upon this point is the statement of defendant's cashier that he did not credit part of the mortgage on plaintiff's notes when he took the assignment from plaintiff but did so later.

At the trial plaintiff asserted that the fact that defendant had taken over the mortgage as its own property stood admitted. Defendant did not question the correctness of this assertion but insisted that as plaintiff had alleged payment he must prove actual payment in order to recover. It seems to have been taken for granted at the trial that defendant had taken over the new mortgage as its own property, and we think the court was justified in so finding.

The real contention of defendant is that there was a variance between plaintiff's pleadings and the proof. The statute provides in G. S. 1923, § 9281, that:

"No variance between the allegations in the pleading and the proof is material unless it has actually misled the adverse party to his prejudice in maintaining his action or defence on the merits * * *. When the variance is not material, the court may direct the fact to be found according to the evidence."

It further provides that a party claiming to have been misled must prove that fact. The statute further provides in section 9285 that:

"In every stage of an action, the court may disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof."

There is nothing to indicate that the variance misled or prejudiced defendant in making its defense on the merits, and as directed by the above statutes we hold that it was immaterial and should be disregarded. Wilcox Lbr. Co. v. Ritteman, 88 Minn. 18, 92 N. W. 472; Kaufman v. Barbour, 103 Minn. 173, 114 N. W. 738; Timm v. Aiton, 150 Minn. 450, 185 N. W. 510.

The only controversy of substance which went to the merits was whether defendant had the right to apply upon Carl's note the amount by which the mortgage exceeded plaintiff's individual indebtedness. As plaintiff was not liable upon Carl's note defendant had no claim to such excess.

Defendant assigns as error the fact that the court received evidence. subject to objection and thereafter made no ruling thereon. Defendant having made no subsequent application for a ruling, the question sought to be raised cannot be considered. Dun. Dig. § 9737, and cases cited. We find no other questions requiring mention and the order is affirmed.