# EDWARD H. BENSON v. MIKE BARRETT AND ANOTHER.[1]

May 13, 1927.

No. 25,997.

**Complaint against surety of road contractor sufficient.**

1. Complaint considered in connection with the contract and bond sued upon and held to state a cause of action against the surety.

**Notice of default of contractor under § 9705, mailed to home office of surety, sufficient to authorize action.**

2. Under the provisions of G. S. 1923, § 9705, with regard to the default of a public contractor, notice mailed to the surety at its home office in the city of Milwaukee held sufficient to authorize the maintenance of an action upon the bond sued upon.

**Finding that allegations of complaint are true sufficient basis for judgment.**

3. Finding "that the allegations set forth in the complaint of the plaintiff herein are true" sufficient basis for a judgment against a surety bond.

**Judgment sustained by evidence.**

4. Evidence held sufficient to sustain the judgment entered.

**Rulings on admissibility of evidence.**

5. The record discloses no error in the rulings of the court upon the admissibility of evidence.

Fidelity Insurance, 25 C. J. p. 1100 n. 27; p. 1101 n. 28.
Highways, 29 C. J. p. 613 n. 82, 83.
Trial, 38 Cyc. p. 1972 n. 9; p. 1976 n. 34; p. 1983 n. 66, 70.

Action in the district court for Marshall county to recover of defendant Barrett and his surety, Northwestern Casualty & Surety Company, on a road construction bond. There were findings for

[1]Reported in 214 N. W. 47.

the plaintiff, and defendant surety appealed from an order, Grinde-
land, J., denying its motion for a new trial.     Affirmed.

*Rockwood & Mitchell*, for appellant.
*Julius J. Olson* and *Rasmus Hage*, for respondent.

QUINN, J.

There is no controversy over the facts in this case.  On October
20, 1923, the defendant Mike Barrett entered into a contract with the
state of Minnesota, acting through the commissioner of highways,
C. M. Babcock, for the construction of that part of Trunk Highway
No. 6 designated as "Project 6-39, Sec. 1-A."   A contract in the
form required by the commission was executed and a bond with
appellant as surety was furnished.   On May 13, 1924, Barrett sub-
let the work to the plaintiff, who performed all the work and services
required under Barrett's contract with the state.   As the work pro-
gressed, estimates and payments thereon were made as provided in
the contract.   The plaintiff received payments from time to time
from Barrett which were credited upon the subcontract.   On Novem-
ber 7, 1925, the commissioner of highways duly accepted the work
as having been fully completed and issued his official certificate to
that effect.   At that time, there was due to Barrett, under his con-
tract with the state, the sum of $7,584.80, for which the state issued
to him its voucher.   On the preceding day, Barrett and the plaintiff
checked upon the work done by plaintiff, and it was agreed that
plaintiff had earned, according to his contract, the sum of $28,637.65,
of which he had received $20,381.23, leaving a balance of $8,256.42
due and unpaid, which, with interest agreed upon between the plain-
tiff and Barrett, amounted to $8,356.52, the amount allowed by the
court.

Plaintiff brought this action against the two defendants as prin-
cipal and surety on the bond to recover the balance due him for the
work performed.   Barrett answered, admitting plaintiff's claim.  The
surety company answered, admitting the execution of the contracts
and the bond, but resisted liability, claiming that the notice re-
quired by G. S. 1923, § 9705, was not served and that the complaint
failed to state a cause of action against it, that the findings of the

trial court were no broader than the complaint and therefore insufficient to sustain a judgment against it. From an order denying its motion for a new trial, the defendant surety company appealed.

The statute provides that no action shall be maintained on any such bond unless, within 90 days after the completion of the contract and acceptance by the proper authorities, the claimant shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the service of such notice.

On November 20, 1925, plaintiff mailed to the surety company, at its main office in the city of Milwaukee, a notice stating that the work of construction was completed in the month of September, 1925, that there was due him thereon a balance of $8,356.52, that the same had not been paid, and that he would look to the surety for payment under the bond. While the physical work may have been completed prior to the time stated in the notice, the fact remains that the commissioner of highways accepted the job on November 7, 1925. The statute is silent as to the manner of service of such notice. The surety company is a foreign corporation and the notice might have been served upon its agent. However, the purpose of the service of such a notice was accomplished. It is not questioned but what the surety company received the notice mailed to it at Milwaukee. The record discloses that, following the mailing of the notice by plaintiff, the surety company corresponded with the bank with which plaintiff transacted his banking, with reference to the nonpayment of the check which Barrett had given to the plaintiff. The notice was sufficient to inform appellant of the default on the part of the principal in the bond, which is the very purpose of the requirement of such notice. 25 C. J. 1101; Crystal Ice Co. v. United Surety Co. 159 Mich. 102, 123 N. W. 619.

As to the sufficiency of the complaint, it appears that a copy of the subcontract is contained therein. The main contract between the defendant Barrett and the highway commission is attached to the bond which included the original proposal of Barrett for the work to be done and the payments to be made therefor.

Section 9285, G. S. 1923, provides that:

"In every stage of an action, the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof."

Section 9281, G. S. 1923, provides that:

"No variance between the allegations in the pleading and the proof is material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits. * * * When the variance is not material, the court may direct the fact to be found according to the evidence."

Full force and effect must be given to the statute. Dressel v. Brill, 168 Minn. 99, 209 N. W. 868; Christianson v. National Cit. Bank of Canby, 168 Minn. 211, 209 N. W. 899. As remarked by the learned trial court, the subcontract, when read in connection with the contract between Barrett and the highway commission, is perfectly clear as to meaning. All of the interested parties understood it and the work was done pursuant thereto without dispute or difficulty as to its meaning. The appellant made no effort to have the pleading made more specific or certain and, there being no indication that it was misled or that it had been in any way prejudiced, when considered in connection with the statutory provisions relating thereto, we are forced to the conclusion that the trial court was right in holding that the complaint was sufficient.

The principal finding of the trial court is "that the allegations set forth in the complaint of the plaintiff herein are true." We have just had occasion to criticize the practice of drafting findings by the short cut method of reference to a pleading which is found true. War Finance Corp. v. Erickson, supra, page 276. While the findings are extremely vague, yet we hold them sufficient to authorize the judgment as entered. It is alleged in the pleading that plaintiff did and performed all of the requirements of his contract and of the contract between Barrett and the highway commission, and that there was due and owing him thereon the sum of $8,356.52, that no

part thereof has been paid, and that the same is due him under and by virtue of the contracts and the bond set forth in the complaint, with interest from November 9, 1925. The finding, in effect, is that such allegations are true. Respondent might well have applied to the court for more specific findings. The highway commissioner, the defendant Barrett and the plaintiff treated all work done as within the terms of the contracts. The final estimate of the highway department and the recapitulation sheet upon which final payment was made to Barrett include the items mentioned as part of the construction job. There is no evidence to the contrary.

The court did not go beyond nor are the findings outside the issues made by the pleadings. The parties were properly before the court and given an opportunity to be heard upon the matters covered by the judgment.

Affirmed.