## FIRST STATE BANK OF GAYLORD, BY ROBERT D. BEERY, v. HENRY HELL AND ANOTHER.[1]

January 28, 1938.

No. 31,547.

[1]Reported in 277 N. W. 276.

*Fred A. McGuire,* for appellant.
*Martin H. Otto* and *Robert G. Flynn,* for respondent.

LORING, JUSTICE.

The defendants are husband and wife. This suit was against them upon a promissory note signed by both. The defendant Henry Hell defaulted, and judgment was taken against him; the defendant Selma Hell interposed an answer which alleged want of consideration and denied that she executed the note as an obligation of any kind, but admitted that she did sign the instrument in connection with her execution of a mortgage by herself and her husband Henry as security for a loan from the plaintiff upon a false representation by the officers of the plaintiff that she would have to sign both the note and the mortgage in order to make the mortgage valid. It appears that the defendant Henry was indebted to the plaintiff on an unsecured note which was past due. In order to renew the obligation and extend the time of payment, the bank demanded security and prepared the note and mortgage to be signed by both defendants. The mortgage provided by its terms that if the defendants should pay the note here sued upon with interest and the taxes and insurance upon the premises mortgaged, the mortgage deed should be void. The defendants also covenanted and agreed in the mortgage to pay or cause to be paid the sum of money named in the note. It appears that the mortgage and note were prepared by the plaintiff and turned over to the defendant Henry to take home to his wife for her to sign and that no representations were made to her directly by the plaintiff. The two defendants had much discussion between themselves as to whether or not Selma should sign, but finally she did so, and the note and mortgage were returned to the bank and delivered to it. The trial court directed a verdict for the defendant Selma, and the plaintiff made a motion for judgment notwithstanding the verdict or for a new trial. The trial judge died before acting upon the motion, and by stipulation the motion was presented to his successor, who ordered judgment for the

plaintiff notwithstanding the directed verdict by his predecessor.

Upon presentation of the case in this court it was admitted by the appellant that there was no fraud on the part of the plaintiff bank. The only other issues raised by the answer were that defendant Selma received no consideration for signing the note and that she did not intend to bind herself upon the note as an obligation but merely to release her right of dower in the event that the mortgage should be foreclosed. No reformation of the instrument has been sought, and it is quite apparent that there was consideration for the note by virtue of the extension given to the husband to meet his obligation to the bank. In our opinion, the case is controlled by Hawley Lbr. Co. v. Nordling, 168 Minn. 70, 209 N. W. 484, and O'Gara, King & Co. v. Hansing, 88 Minn. 401, 93 N. W. 307.

The order appealed from is affirmed.

