# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

STATE OF WISCONSIN *vs.* LOUIS E. TORINUS and others.

## March 20, 1879.

**Public Officer—Ultra Vires—Ratification by Legislature.**—Where an agent of a state exceeds his authority in selling and delivering the property of his principal, and taking a note therefor from the purchaser, the legislature of the state may, by a statute duly enacted for that purpose, in the absence of any constitutional prohibition against it, ratify the act of the agent in making the sale and receiving the note; and the state thereupon may enforce payment of the note the same as an individual.

The state of Wisconsin brought this action, in the district court for Washington county, as endorsee of a promissory note made by defendants to the order of one Harriman. The averments of the complaint are, in substance, as follows:

On March 3, 1869, the legislature of Wisconsin passed an act authorizing the governor to appoint one or more agents whose duty it should be to preserve and protect the timber

growing on the lands theretofore granted by congress to the state to aid in the construction of railroads, and to seize, in the name and on behalf of the state, all logs and timber that should be cut or carried away from such lands without lawful authority, and to sell the same at public auction, to the highest bidder for cash, the money to be immediately paid into the state treasury. From May, 1869, until 1874, Harriman was the duly appointed agent of the plaintiff, under this act, and in the summer of 1873 he seized a large quantity of pine saw logs which the defendants, during the previous winter, had wrongfully cut on certain of the lands described in the act and belonging to plaintiff, and had driven to the St. Croix boom. The logs thus seized, Harriman advertised for sale at public auction, for cash, to the highest bidder, and at the sale, on July 25, 1873, they were struck off and delivered to the defendants, who at once converted them to their own use, and have never paid the plaintiff anything therefor.

On December 23, 1873, the defendants, in consideration of such sale and delivery, made the note in suit, whereby they promised to pay to Harriman or order $8,799.66, on May 1, 1874, with interest at ten per cent. per annum, which note, before maturity, was endorsed and delivered by Harriman to the plaintiff.

On February 15, 1878, the legislature of Wisconsin passed an act expressly ratifying and confirming the sale made by Harriman to the defendants, and the note taken by him on account thereof, and making the same valid from the beginning as fully as if he had always had full authority to sell on credit and to take the note. Immediately after the passage of this act the present suit was brought.

A general demurrer to the complaint was overruled by *Brill*, J., acting for the judge of the first district, and the defendants appealed.

In a former suit between the same parties, on the same note, prior to the act of 1878, the defendants had judgment on the ground that as Harriman had no authority to sell

except for cash, the sale made by him was unauthorized and void, and the note, having no other consideration than the sale, was also null and void, and that the sale could be ratified and made good, only by act of the legislature of Wisconsin. See 24 Minn. 332.

*McCluer & Marsh,* and *Bigelow, Flandrau & Clark,* for appellants.

The note sued on is void, and not voidable, *(State of Wisconsin* v. *Torinus,* 24 Minn. 332,) and being void, it cannot be ratified or confirmed. Bishop on Cont. § 155; Bryce's Ultra Vires, 377, 462; *Hasbruck* v. *City of Milwaukee,* 13 Wis. 37; *County Com'rs* v. *Carter,* 2 Kans. 117; *Menges* v. *Dentler,* 33 Pa. St. 495; *Richards* v. *Rote,* 68 Pa. St. 248; *Shonk* v. *Brown,* 61 Pa. St. 321; *Hathaway* v. *Moran,* 44 Me. 67; *Adams* v. *Palmer,* 51 Me. 481; *Banchor* v. *Mansel,* 47 Me. 59; *Springfield Bank* v. *Merrick,* 14 Mass. 322; *Milne* v. *Huber,* 3 McLean, 212; *West* v. *Robey,* 4 N. H. 285; Cooley Const. Lim. 369.

*Davis, O'Brien & Wilson,* for respondent, argued that the sale was not void, but merely voidable, and therefore capable of ratification. *Clark* v. *Jones,* 1 Denio, 516; *Wildes* v. *Vanvoorhis,* 15 Gray, 143; and that this court, in 24 Minn. 332, held that the sale might be ratified by the legislature, and in effect held that the former action, having been brought before any ratification, was premature. *Barrows* v. *Kindred,* 4 Wall. 399.

As instances of valid legislative ratification of acts of public officers *ultra vires,* and legalization of acts and contracts previously invalid by statute, they cited *Meighen* v. *Strong,* 6 Minn. 111 (177;) *Thompson* v. *Morgan,* 6 Minn. 199 (292;) *Kunkle* v. *Town of Franklin,* 13 Minn. 127; *Comer* v. *Folsom,* 13 Minn. 219; *Satterlee* v. *Matthewson,* 16 Serg. & Rawle, 169; s. c. 2 Peters, 380; *Walter* v. *Bacon,* 8 Mass. 468; *Inhabitants of Bridgewater* v. *Inhabitants of Plymouth,* 97 Mass. 382; *Weed* v. *Donovan,* 114 Mass. 181; *Denny* v. *Mattoon,* 2 Allen, 361; *Thomson* v. *Lee County,* 3 Wall, 327; *Bass* v.

*Columbus*, 30 Ga. 845; *McMillen* v. *Boyles*, 6 Iowa, 305; *Bridgeport* v. *Railroad Co.*, 15 Conn. 475; *Savings Bank* v. *Allen*, 28 Conn. 97; *Winchester* v. *Inhabitants of Corinna*, 55 Me. 11; *Wilson* v. *Hardesty*, 1 Md. Ch. 66; *Lewis* v. *McIlvain*, 16 Ohio, 347; *Trustees* v. *McCaughy*, 2 Ohio St. 152; *Hess* v. *Roberts*, 8 Serg. & Rawle, 356; *Fowler* v. *Throckmorton*, 6 Blackf. 326; *Andrews* v. *Russell*, 7 Blackf. 474; *Grimes* v. *Doe*, 8 Blackf. 371; *Curtis* v. *Leavitt*, 15 N. Y. 151–2; *Washburn* v. *Franklin*, 35 Barb. 600; *Watson* v. *Mercer*, 8 Peters, 88; *Gibson* v. *Hibbard*, 13 Mich. 214; *State* v. *Lambert*, 12 Md. 195; *Harris* v. *Rutledge*, 19 Iowa, 389; *Selsby* v. *Redlon*, 19 Wis. 1; *Blount* v. *Janesville*, 31 Wis. 648; *Mills* v. *Charleton*, 29 Wis. 400; Cooley Const. Lim. 372, 376.

CORNELL, J.* In a former action between these parties, the question was presented to this court, on appeal therein, as to the validity of the note in controversy in this action. Upon the facts therein stated, it was held invalid for want of consideration, for the reason that it was given solely upon an unauthorized sale of logs from plaintiff to defendants, made by an agent of the former, by which no title or interest whatever in the property was transferred. 24 Minn. 332. Since then, and before the commencement of this action, the state, by legislative enactment, has duly and fully ratified and adopted the act of its agent Harriman in making the sale and taking the note, and the question now before us relates to the legal effect of this ratification. It is objected that it is ineffective for any purpose, because a contract void as prohibited by statute cannot be made good by a subsequent statute. While this is true as to acts and contracts made absolutely void and prohibited by law because of their illegal character, and as being *contra bonos mores*, the rule has no application to the facts of this case. Giving credit on the sale of logs, or taking notes in payment, is not prohibited by any law or statute. The act of Harriman as the agent of the state, in giving credit

*Gilfillan, C. J., on account of illness, did not sit in this case.

to the defendants on the sale of his principal's property to them, though unauthorized and impliedly prohibited by the statute which gave him his authority, was not in itself an act of a wrongful or immoral nature, or tainted with any vice of illegality of that character, nor was it prohibited as such by any statute. The statute under which he acted was not directed to that end. It was rather in the nature of a power of attorney, which conferred upon the agents of the state a specific and limited authority in reference to certain matters, and which defined particularly the extent of such authority. In making the sale of his principal's property on time, and taking a note for the purchase-money, the agent, Harriman, exceeded his delegated authority, and, for that reason alone, his act was an invalid one. It was competent, however, for the state as principal to make it good by a legislative enactment, adopting it as its own; for it could have authorized it in the first instance, and whatever it can do or direct to be done originally, it can subsequently, and when done, lawfully ratify and adopt, with the same effect as though it had been properly done under a previous authority. That the state might, through its legislature, in the absence of any prohibition in its fundamental law, have authorized Harriman as its agent in the first place to make the very sale he did, admits of no doubt. The proprietary rights of a state are as absolute and unqualified as those of an individual. It may, in the absence of any self-imposed restrictions in its constitution, sell and dispose of its property upon its own terms and conditions, for cash or upon credit; and it may also take, hold and enforce notes and obligations received from the purchasers of its property, the same as individuals can. But as the legislative department is the only one that represents the state in respect to such rights, it alone can exercise the power necessary to the enjoyment and protection of those rights, by the enactment of statutes for that purpose. In the case before us, the state has duly ratified the acts of its agent in making the sale to the defendants, so

that the title to the property which they purchased, the possession of which they still hold, has become perfect, and they cannot longer object that 'the note they gave is without consideration.

In respect to the other point suggested by the defendants, in respect to the character of the plaintiff's title to the property which it sold to the defendants, it is fully answered by the case of *Schulenberg* v. *Harriman*, 21 Wall. 44, where it was held that the legal title of the state to the lands from which the logs in question were taken was an absolute one, and that a stranger to the grant under which the state holds its title, cannot raise any question upon the non-performance of any of the subsequent conditions contained in such grant. The same doctrine is also explicitly held in *Baker* v. *Gee*, 1 Wall. 333.

Order affirmed.