## WAR FINANCE CORPORATION v. O. F. ERICKSON AND ANOTHER.[1]

May 13, 1927.

No. 25,923.

**Statute respecting making of findings of fact construed.**

1. The practice of making findings of fact consisting, by reference alone, of a pleading or any substantial part of it, disapproved and considered not in compliance with the statute, G. S. 1923, § 9311, requiring a decision in writing stating separately the "facts found" by the judge and his conclusions of law. The purpose of the statute is to make the decision a self-interpreting and self-sustaining document.

**Estoppel of wife against assertion of her separate ownership of property.**

2. By permitting her husband to use and manage, apparently as his own, her separate property, a wife may estop herself from assert-

[1]Reported in 214 N. W. 45.

ing her ownership as against a mortgagee who has extended credit to the husband on the faith of his apparent ownership.

Husband and Wife, 30 C. J. p. 830 n. 74; p. 832 n. 91.
Trial, 38 Cyc. p. 1961 n. 63; p. 1962 n. 70; p. 1983 n. 67.

See 13 R. C. L. 1165; 3 R. C. L. Supp. 125.

Defendant Ella Erickson appealed from an order of the district court for Kittson county, Grindeland, J., denying her motion for a new trial. Affirmed.

*Julius J. Olson* and *Rasmus Hage*, for appellant.

*A. N. Eckstrom*, for respondent.

STONE, J.

Action for the foreclosure of a chattel mortgage against O. F. Erickson and Ella Erickson, his wife. After a decision against both defendants, Ella Erickson appeals from the order denying her motion for a new trial. The mortgage was executed by the husband alone, and the contention of the wife is that the mortgaged chattels were hers, and that there is nothing upon which to predicate the estoppel upon which the decision against her must rest.

The complaint does not allege ownership of the mortgaged property by defendants or either of them. It does allege the execution of the mortgage by the husband. The only allegation relating to the wife is that she "claims to have some interest in or lien on said mortgaged property, but said interest or liens, if any exist, accrued since the lien of said mortgage and was subject thereto." The averment that her interest is "subject" to the mortgage is of course no more than a conclusion of law. The one finding of fact is "that all the allegations of the complaint" are true. The complaint having no allegation of ownership, there is then no finding of ownership in the defendants or either of them. There being no allegation of an estoppel of the wife, there is equally no finding, technically, that she is estopped. But the decision was accompanied by a memorandum which shows clearly enough that an estoppel was found against the wife which prevents her asserting, as against the plain-

tiff, the invalidity of the mortgage. Under the rule of Standard Salt & Cement Co. v. Commercial Cas. Ins. Co. supra, page 39, we consider this memorandum as a supplement to the findings of fact and conclusions of law. In that way and not otherwise, we discover a sufficient finding on the issue of estoppel to support the order for judgment against the wife.

1. Stopping there for the moment, we are forced to the conclusion that a proper regard for orderly and business-like procedure requires us to criticize the growing practice of adopting by reference alone a pleading or any considerable portion thereof as a finding of fact. It is "not to be commended." Brown v. Roberts, 90 Minn. 314, 96 N. W. 793. One practical objection to such a summary and short cut method of drafting findings is illustrated here, because the complaint adopted by the learned trial judge as his finding of fact is deficient in the vital respect already indicated. (Compare Knudson v. Curley, 30 Minn. 433, 15 N. W. 873.) That would not have happened had the diligent author of the decision put into the findings his own statement of the "facts found" by him. Were it not for the sufficient aid of the memorandum the findings of fact would not support the conclusions of law and order for judgment.

All else aside, the practice thus criticized is not a compliance with the statute, G. S. 1923, § 9311, which requires, where issues of fact are tried by the court, a decision in writing stating separately the "facts found" and the conclusions of law applied by the judge. The purpose of that statute is not accomplished; it is thwarted rather by the adoption by reference alone of a whole pleading. The purpose is to procure a decision from the trial judge which will summarize completely but succinctly the controlling facts found and the conclusions of law applied by him. The object is to make the decision a self-interpreting and self-sustaining document. That purpose is not accomplished when the findings are nothing more than a mere adoption by reference alone of other documents, whatever they may be. We do not mean by the foregoing that cases may not arise where circumstances permit the inclusion by reference of all or a portion of an independent document, a copy of which is a part of

the pleadings. That course can be followed occasionally to good purpose. But ordinarily it is better practice to incorporate the controlling proposition or its substance at least in the findings.

2. Going to the merits, we find a typical situation where most of the family means were to start with, and in fact probably remained, the property of the wife. They came to her by inheritance and were turned over for management to her husband. He has dealt with the property as his own. He listed it for assessment in his name. The wife's consent to the husband's intrusion upon her place and functions of ownership is clear. That settled course of dealing and the knowledge of it by the representatives of plaintiff who took the mortgage in question are so well established by evidence that we cannot disturb the resulting finding.

The argument contra asserts that Mr. Dahl, the banker who took the mortgage, knew that the wife originally owned the whole property and that she refused to sign the mortgage. That argument, on this record, is not controlling. Defendant husband had done much farming on his own account. His independent operations and those on his wife's farm were carried on as a unit as to management and financial results. The crops were sold and paid for apparently as his. The one bank account was in his name. All farm machinery and other supplies were bought by him and with his wife's consent in his name. Dahl was a witness, and the most he admitted was knowledge that Mrs. Erickson had inherited some years before much real estate and some personal property. He denied any knowledge or reason to believe that she had or even claimed to have any interest in the personal property here involved or in any that her husband appeared to own at the date of the mortgage. If Dahl had supposed that Mrs. Erickson owned all the personal property, it is strange that he did not seek her signature to the note as well as the mortgage. His effort to procure her signature to the latter is not of controlling significance because he may have desired assurance against a claim of exemption by the wife.

The case is that of a trusting wife who has long permitted her husband to manage as his own her property, to hold himself out to the business world as the owner of it, and who has been satisfied

with that appearance of things until beset by financial reverses. Then, as to those who have relied upon the apparent condition of things, it is too late for the wife to assert her separate ownership. 12 R. C. L. 590.

The learned trial judge has found, by clear implication, that here the creditor had no knowledge of the wife's ownership; that there was nothing to operate so "on the mind of a man of ordinary business prudence as to lead him to think" that the property might belong to the wife. The record does not permit us to reverse, and so we cannot apply the rule of Chadbourn v. Williams, 45 Minn. 294, 47 N. W. 812.

Order affirmed.